IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY HATTEN,

    Petitioner

vs.

BRYAN A. BLEDSOE,

    Respondent

CIVIL NO. 1:CV-11-2396

(Judge Caldwell)

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    The pro se petitioner, Timothy Hatten, a federal inmate, filed this 28 U.S.C. § 2241 petition challenging five disciplinary proceedings against him. He asserts various claims based on due process. The magistrate judge has filed a report and recommendation, recommending that the petition be denied. We are considering Hatten's objections to the report.

    Those objections simply refer us to Hatten's petition and his traverse and the due-process claims alleged there. We have reviewed the submissions of the parties and the magistrate judge's report. We agree with the magistrate judge that the petition presents no meritorious claims.

    As noted by the magistrate judge, the due-process requirements for inmate disciplinary proceedings were established in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and consist of the following: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and

correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *McGee v. Scism,* 463 F. App'x 61, 63 (3d Cir. 2012)(nonprecedential)(quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)). There must also be "some evidence" supporting the DHO's finding, *id.* (quoting *Hill,* 472 U.S. at 454, 105 S.Ct. at 2773), and an impartial adjudicator. *Lasko v. Holt*, 334 F. App'x 474, 476 (3d Cir. 2009)(nonprecedential). As shown in the magistrate judge's report, Petitioner's disciplinary hearings complied with these requirements.

Petitioner also complains that he did not receive certain procedural protections that add to the *Wolff* requirements found in 28 C.F.R. § 541.8, the Bureau of Prisons' (BOP) regulation dealing with disciplinary hearings,[1] nor did he receive the benefit of BOP Program Statement 5306. However, when the minimum requirements of *Wolff* have been met, "an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated." *Van Kahl v. Brennan*, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994). *See also Bullard v. Scism,* 449 F. App'x 232, 235 (3d Cir. 2011)(nonprecedential)(quoting *Van Kahl*). Petitioner has asserted no prejudice from any alleged violation of other applicable BOP directives or regulations. Since the requirements of *Wolff* have been satisfied, Petitioner has no due-process claims based

---

[1] Petitioner and the magistrate judge cite to 28 C.F.R. §§ 541.14, 541.15, 541.17, and 541.18, which are no longer in effect. The corresponding provisions are now found at 28 C.F.R. §§ 541.5, 541.7 and 541.8.

on his disciplinary hearings. *See also Fiore v. Lindsay*, 336 F. App'x 168, 170 n.2 (3d Cir. 2009)(nonprecedential)(court need not reach allegations based on the prison's failure to follow certain BOP guidelines when the petitioner was provided with the process he was due under *Wolff*).

Accordingly, this 18th day of April, 2013, upon consideration of the report (Doc. 37) of the magistrate judge, filed February 7, 2013, and Plaintiff's objections (Doc.38) thereto, and upon independent review of the record, it is ordered that:

   1. The magistrate judge's report (Doc. 37) is adopted.

   2. The petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

   3. The Clerk of Court shall close this file.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge